IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HENRY LEE GIVENS, #56032 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv150 |
| MAXEY CERLIANO, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Henry Lee Givens, an inmate at the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil-rights proceeding pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the proceedings. For the reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed without prejudice.

**I. Plaintiff's Complaint**

Plaintiff explains that a Gregg County Jail Staff member, Defendant Hill, "illegally opened" his legal correspondence addressed to this Court. He states that he complained to the Shift Supervisor, Deputy Webb who later informed him that "he observed on video A. Hill illegally opening my legal correspondence," (Dkt. #1, pg. 4). Deputy Webb then "brought a paper" reporting A. Hill's "illegal behavior." Plaintiff seeks $100,000 and an investigation into this matter to "prevent future incidents from occurring." *Id*. Plaintiff attaches the document regarding his mail to his complaint. A review shows that Plaintiff's legal mail was "opened by mistake on 3/22/20" by Hill "and was not read by this officer or any other officer." *Id*. at pg. 6.

**II. Legal Standards**

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

### III. Discussion and Analysis

The Court understands that Plaintiff argues that Defendant Hill "illegally opened" his legal correspondence addressed to this Court and violated his right to access the courts while incarcerated at the Gregg County Jail. He also maintains that Defendant Cerliano, as Warden, "improperly trained jail staff" and is responsible for his jail staff.

Plaintiff's lawsuit, however, suffers from a fundamental problem that precludes relief. The face of his complaint reveals that he failed to exhaust his required administrative remedies prior to filing this lawsuit. It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory, and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez*, 702 F.3d at 788.

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Proper exhaustion is determined by reference to the applicable agency's grievance procedures. *Jones*, 549 U.S. at 217-18; *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013).

The Court takes judicial notice that the Gregg County Jail has a written grievance policy for inmate grievances which is detailed in the Inmate Handbook. *See Muckleroy v. White*, case no. 6:19cv363 (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1) (E.D. Tex. 2020); *Moody v. Crumbaker*, case no. 6:20cv243 (Dkt. #30-1, p. 2; Dkt. #30-3, p. 1) (E.D. Tex. 2021). The Jail provides grievance forms for inmates to write their grievance. *See* case no. 6:19cv363 (Dkt. # 32-1, p. 2).

Upon receipt of a grievance, the Grievance Board reviews the grievance and determines the appropriate action to redress the grievance. (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1). The Grievance Board submits a written response to the inmate within 15 days. *Id.* If the inmate disagrees with the response of the Grievance Board, he may appeal the decision to three levels. *Id.* The first appeal is submitted to the Facility Lieutenant. *Id*. The second appeal of the Facility Lieutenant's decision is to the Jail Administrator. (Dkt. #32-1, pp. 2-3). The third appeal of the Facility Administrator's decision is to the Sheriff. (Dkt. #32-1, p. 3). The Sheriff's decision is final. *Id.*

The Jail also utilizes a kiosk system in the jail cells. The inmates do not have to use this system, but it is available to them in addition to the paper forms. *Id.* When an inmate submits a grievance using the kiosk, the grievance is then transmitted to the designated officers serving in

4

the Grievance Board position. *Id.* The process for review, response, and appeal are the same when grievances are sent through the kiosk as they are for the paper forms. *Id.*

All steps of the grievance procedure must be completed for a grievance to be considered exhausted. *Johnson* 385 F.3d at 515. The Supreme Court has clearly specified that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. Accordingly, an inmate in the Gregg County Jail like Plaintiff, prior to filing a lawsuit, must pursue this multi-step process that includes grieving to jail staff—and if still dissatisfied—submitting an additional appeals.

Here, Plaintiff's complaint and the attachment reveal that he failed to pursue these avenues to completion prior to filing this lawsuit. Plaintiff filed this lawsuit on March 23, 2020, (Dkt. #1, pg. 5), wherein he complains of an incident that occurred on March 22, 2020, between 7:00 pm and 11:00 pm. *Id*. at pg. 4. The attached notice informing him that his mail was opened by mistake is dated March 23, 2020. *Id*. at pg. 6. Accordingly, the incident forming the basis for this lawsuit occurred the evening before Plaintiff filed this lawsuit—thereby showing that Plaintiff did not pursue the required grievance procedure to completion *prior* to filing this lawsuit. In other words, Plaintiff plainly did not submit a grievance to Jail staff, receive a response, file an appeal to the next level, receive a response, and then submit a final appeal to the Sheriff—all within less than twenty-four hours. In *Conklin v. Randolph*, the Fifth Circuit reasoned as follows:

> As Conklin initiated his § 1983 complaint five days after the disciplinary charge that was the subject of his § 1983 complaint was filed against him, the district court did not err in holding that the lack of exhaustion was readily apparent from the face of the complaint. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Therefore, Conklin has not shown that the district court erred by dismissing his § 1983 complaint for failing to exhaust administrative remedies. *See Powe v. Evans*, 177 F.3d 393, 394 (5th Cir. 1999).

553 F. App'x 457, 458 (5th Cir. 2014) (Mem) (unpublished); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (explaining that a prisoner must "pursue the grievance remedy

to conclusion," which means a prisoner must receive a response for both his Step One and Step Two grievances before a claim is fully exhausted). As in *Conklin*, here, Plaintiff's complaint plainly shows that he could not have exhausted his required administrative remedies to completion before filing this lawsuit because he did not have sufficient time to do so.

Because Plaintiff's failure to exhaust his required administrative remedies is plainly evident on the face of his complaint and his attachment, his complaint may be dismissed for the failure to state a claim predicated on the failure to exhaust. *Carbe*, 492 F.3d at 328.

## RECOMMENDATION

For these reasons, the undersigned recommends the above-styled civil action be dismissed, without prejudice, for the failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 14th day of September, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE